NO. 07-09-0221-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 18, 2010

 

______________________________

 

 

KALMINE SHANELL MENSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,085-A; HONORABLE HAL MINER, JUDGE

 

_______________________________

 

 

Before CAMPBELL and HANCOCK and PIRTLE,
JJ.

 

ABATEMENT AND REMAND

On June 18, 2007, Appellant was charged by information with
the second degree felony offense of aggravated assault.[1]
The information also contained an enhancement paragraph alleging that Appellant
had previously been convicted of the felony offense of aggravated robbery.[2]  Pursuant to a plea bargain, Appellant was
placed on deferred adjudication community supervision.  In 2009, the State filed a motion to proceed,
alleging ten violations of the terms and conditions of community supervision.   Appellant entered a plea of "not true"
to those allegations.  After a hearing on
the State's motion, the trial court found seven of the ten allegations to be
true, and adjudicated Appellant guilty of the charged offense.  

At the commencement of the punishment phase of the
proceeding, no plea was taken as to the enhancement allegation.  Brief testimony was presented that Appellant
had previously been adjudicated as a juvenile for the offense of aggravated
robbery, but no order of adjudication was offered and no evidence was presented
as to when that offense was committed.[3]  At the conclusion of the hearing, no § 12.42 finding was made as to whether
Appellant had previously either been convicted of a felony or adjudicated
guilty of delinquent conduct occurring after January 1, 1996.  The trial court then sentenced Appellant to
twenty-five years confinement and a $2,000 fine.  In presenting this appeal, counsel has filed
an Anders[4]
brief in support of a motion to withdraw. 
For the reasons expressed herein, we abate this appeal and remand this
cause to the trial court for appointment of new counsel. 

When faced with an Anders brief, an appellate court
has a duty to conduct a full examination of the proceeding, and if its
independent inquiry reveals a nonfrivolous or arguable ground for appeal, it
must abate the proceeding and remand the case to the trial court so that new
counsel can be appointed to brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). 

Because the trial court assessed Appellant's sentence outside
the range of punishment for a second degree felony,[5]
a finding of true as to the enhancement paragraph was essential to support the
trial court's sentence of twenty-five years confinement.  Given the facts of this case, at least four
potential issues arise: 

(1) Did the trial court err by not taking a plea to
the enhancement      allegation?

(2)       Did the
trial court err by not making a finding of true to the enhancement allegation?

(3)       Was any
implied finding of true to the enhancement allegation supported by legally and
factually sufficient evidence?

(4)       Was the
error, if any, harmless?

 

 Therefore, having concluded
that an arguable ground for appeal exists affecting the punishment phase of
Appellant's trial, we grant Appellant=s counsel=s motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel.  See Bledsoe, 178 S.W.3d
at 827; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  

We direct the trial court to appoint new counsel to represent
Appellant on appeal by March 15, 2010. 
The trial court shall furnish the name, address, telephone number, and
state bar number of new counsel to the clerk of this Court immediately after
the appointment of counsel is ordered. 
Finally, the trial court shall cause its order appointing counsel to be
included in a supplemental clerk=s record which shall be filed with the Clerk of this Court by
March 26, 2010.  

Appellant=s brief shall be due forty-five days
from the date of the trial court=s appointment of new counsel. 
All other appellate deadlines, including the State's right to file
Appellee's brief, shall be in accordance with the Texas Rules of Appellate
Procedure.

It is so ordered.

Per Curiam

Do not publish.











[1]
Tex. Penal Code Ann. §
22.02.  (Vernon Supp.
2009).

 





[2]
If it is shown on the trial of a second degree felony that the defendant
has been once before convicted of a felony, on conviction he shall be punished
for a first degree felony.  Texas Penal
Code Ann. § 12.42(b)
(Vernon Supp. 2009).

 





[3]
For purposes of enhancement pursuant to Texas Penal Code § 12.42(b), an
adjudication by a juvenile court under section 54.03, Family Code, that a child
engaged in delinquent conduct on or after January 1, 1996, constituting a
felony offense for which the child is committed to the Texas Youth Commission
under section 54.04(d)(2), (d)(3), or (m), Family Code, or section 54.05(f),
Family Code, is a final felony conviction. 
See Tex. Penal Code Ann. § 12.42(f) (Vernon Supp.
2009).

 





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]
An individual adjudged guilty of a felony of the second degree shall be
punished by imprisonment for any term of not more than 20 years or less than 2
years.  Tex. Penal Code Ann. §12.33(a) (Vernon Supp.
2009).